IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES EVANS, | ) |
| Plaintiff, | ) |
| v. | ) 15 -CV-1043 |
| LYNN HILLGENDORF, BARBARAA KING, STEPHEN DAMEWOOD, CLIFFORD SANGSTER, KYLE SPENCER, OFFICER SMITH, and PATRICK LEE, | ) |
| Defendants. | ) |

**OPINION**

**SARA DARROW, U.S. District Judge.**

Plaintiff proceeds on constitutional claims of excessive force, failure to intervene, and procedural due process violations arising from incidents which occurred in the Hill Correctional Center in March 2014.[1] Before the Court is the Defendants' motion for summary judgment.

A rational juror could find for Plaintiff on Plaintiff's excessive force claim against Defendant Sangster and on Plaintiff's procedural

---

[1] Plaintiff filed this case while in prison but has since been released.

1

due process claims against Defendants Hillgendorf, King, and Damewood. Summary judgment will be denied on those claims.

Remaining are Plaintiff's excessive force and failure to intervene claims against Defendants Spencer, Smith, and Lee. The current record warrants summary judgment to these Defendants, but, because Defendants relied on facts not proposed in their undisputed fact section, Plaintiff will be given an additional opportunity to respond before a final determination is made.

**Facts**

For summary judgment purposes, the facts are as follows. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(evidence must be viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor).

On March 20, 2014, Plaintiff got into a fight with another inmate, inmate Barksdale, in the Hill Correctional Center on the R3-A wing. Officer Sephus broke up the fight and directed Plaintiff to go wait in the foyer. Plaintiff went to the foyer and sat down to wait. According to Plaintiff, Defendant Sangster, a correctional officer, entered the foyer and began yelling, "I am fucking tired of your shit

Evans. It's too early in the fucking morning for your shit." (Compl. p. 8.) Sangster and Plaintiff had some history—They disliked each other from a prior incident when, according to Plaintiff, Sangster had made a homosexual comment to Plaintiff which led to an argument between Plaintiff and Sangster. (Pl.'s Dep. p. 54.)

According to Plaintiff, after Officer Sangster yelled at Plaintiff, Sangster grabbed Plaintiff by Plaintiff's arm and tried to push Plaintiff up against the window glass, but the chair got in the way. Plaintiff gripped the chair, whereupon other officers—Defendants Smith, Spencer, and Lee took Plaintiff to the ground by tripping him, causing Plaintiff's face to hit the ground first. Plaintiff received a minor cut above his eyebrow and felt dizzy but was otherwise fine. (Pl.'s Dep. p. 29-30).

Plaintiff received two disciplinary reports arising from this incident. The first report was for fighting, to which Plaintiff pled guilty. The second disciplinary report was written by Defendant Lynn Hillgendorf, then a sergeant. Hillgendorf accused Plaintiff of assault. According to Hillgendorf, she was escorting inmate Barkley (who was handcuffed behind his back) through the foyer when Plaintiff broke free from Defendant Sangster and charged at inmate

Barkley, trying to swing and hit inmate Barksdale. Hillgendorf maintained that Plaintiff slammed Defendant Hillgendorf and Inmate Barksdale into the glass window, causing Hillgendorf lower back pain. Hillgendorf claimed in her disciplinary report that she reported to the health care unit with lower back pain, but in her interrogatory answer she denied going to the health care unit. (d/e 28-1, pp. 8-9.) Defendants Sangster and Lee more or less confirm Defendant's Hillgendorf's version, while Defendant Spencer cannot recall. There is no affidavit from Defendant Officer Smith.

Plaintiff categorically denies Hillgendorf's version. He denies any contact whatsoever with Defendant Hillgendorf or resisting any of the other officers in any way. Since this is summary judgment, Plaintiff's version governs. Stokes v. Board of Educ. of the City of Chicago, 599 F.3d 617 (7th Cir. 2010)("In deciding a motion for summary judgment, neither the district court nor this court may assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence.")

At his disciplinary hearing, Plaintiff was found guilty of assault by Defendants Damewood and King, the committee members. Three

of the witnesses that Plaintiff had requested were unable to give eyewitness testimony because they had not personally seen what transpired. Plaintiff also wanted to call inmate Barksdale as a witness, who would have personally witnessed the alleged assault. However, Plaintiff's request was denied, and, according to Plaintiff, Defendant Damewood told Plaintiff something to the effect that Damewood would not believe anything Plaintiff or inmate Barksdale said anyway. (Pl.'s Dep. p. 37.)

Plaintiff was punished with six months of segregation, a disciplinary transfer, contact visit restrictions for six months, and the loss of one month's good time. However, Plaintiff's good time was ultimately not revoked.

## Analysis

Defendants' argument in their summary judgment memorandum introduces proposed facts that are not listed in the proposed fact section. CDIL-LR 7.1(D)(1)(b). The motion could be denied on that grounds, but doing so is unnecessary because Plaintiff has responded to all the proposed facts in Defendants' arguments, and the claims in this case are simple.

**I.  Plaintiff's claim of excessive force survives summary judgment against Defendant Sangster.  As to Defendants Spencer, Smith, and Lee, Plaintiff does not appear to have a viable excessive force or failure to intervene claim, but Plaintiff will be given an opportunity to supplement his response.**

Plaintiff's claims of excessive force fall under the Eighth Amendment, which is a high standard of proof.  Plaintiff's evidence must allow a jury to find that Defendants used force for the very purpose of harming Plaintiff.  "'[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."'"  Hudson v. McMillian, 503 U.S. 1 (1992)(quoted cites omitted).  That the force may have been unnecessary or unreasonable is not enough under the Eighth Amendment.

The Court cannot rule out an Eighth Amendment excessive force claim against Defendant Sangster.  According to Plaintiff, Plaintiff was merely waiting in the foyer as directed and not resisting in any way when Sangster set in motion a chain of events which landed Plaintiff on the floor face first.  The history between Sangster and Plaintiff, along with Sangster's purported angry statements

before Sangster tried to push Plaintiff against the window, allow an inference that Sangster may have had ill motives, and, at this stage, the Court must accept Plaintiff's testimony that he was not resisting Sangster in any way. Plaintiff's physical injury was minor, but that would not necessarily preclude a verdict in his favor, though any award of damages would likely be small. Hudson, 503 U.S. at 9 ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. . . This is true whether or not significant injury is evident. ")

However, Plaintiff does not appear to have enough evidence against the other officers—Spencer, Smith, or Lee—to support an Eighth Amendment excessive force claim against them. Plaintiff stated in his deposition that he believed these officers "assumed I was being aggressive and that's when all the officers took me down." (Pl.'s Dep. 23.) Plaintiff also stated that, "when he [Sangster] said what he said, stop resisting, I guess this what [sic] triggered the rest of the officers to take me down, and they all basically took me down and slammed me to the ground." (Pl.'s Dep. 27). Plaintiff also stated, "Officer Sangster initiated it. They had no other choice to, I feel, to participate in what Sangster was doing. They couldn't just

stand there and watch. That's what I'm going to take from it." (Pl.'s Dep. p. 55.)

Plaintiff has presented no evidence that Officers Spencer, Smith, or Lee were maliciously trying to harm Plaintiff. Plaintiff's own deposition testimony indicates that even Plaintiff believes that these officers were acting in good faith, which would preclude an excessive force and failure to intervene claim against them.[2] However, in light of Defendants' reliance on facts not listed in their undisputed fact section, the Court will give Plaintiff an opportunity to file a supplemental response.

## II.  Plaintiff's procedural due process claim survives against Defendants Hillgendorf, Damewood, and King.

Defendants argue that Plaintiff's punishment for assault was not significant enough to trigger procedural due process protections, but the factual record is not developed on that score. Six months of segregation may or may not trigger procedural due process protections depending on the conditions endured, such as access to the yard, showers, and opportunities for human interaction. See, e.g., Kervin v. Barnes, 787 F.3d 833 (7th Cir. 2015)(segregation

---

[2] Whether Plaintiff intends to pursue a failure to intervene claim is not clear.

8

shorter than six months could be actionable depending on totality of punishment and conditions of confinement); Hardaway v. Meyerhoff, 734 F.3d 740, 743 (7th Cir. 2013)(six months and one day segregation not significant deprivation where inmate received shower and yard once a week); Whitford v. Boglino, 63 F.3d 527, 533 (7th Cir. 1995)(six months of segregation not an "extreme term," but remanding for factual development on restrictions in segregation).

    Defendants, therefore, have not shown that Plaintiff was not entitled to procedural due process. Procedural due process rights in prison disciplinary proceedings include the right to call witnesses with relevant testimony, subject to the prison's legitimate penological concerns. Wolff v. McDonnell, 418 U.S. 539, 566 (1974)("inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.") Defendants do not explain why Plaintiff was not allowed to call his main witness, inmate Barksdale. According to Plaintiff, Barksdale would have confirmed that Plaintiff had not charged at Barksdale or made any

contact with Defendant Hillgendorf.  If true, that would be relevant and potentially exonerating testimony.

Further, procedural due process entitled Plaintiff to a neutral decisionmaker.  <u>Id.</u>  According to Plaintiff, Defendant Damewood essentially stated that he would never believe anything Plaintiff or inmate Barksdale said, which implies that Damewood was biased.  Summary judgment must therefore be denied on the procedural due process claim.

**IT IS ORDERED:**

1.   Defendant's motion for summary judgment is denied as to the excessive force claim against Defendant Sangster and the procedural due process claim against Defendants Hillgendorf, Damewood, and King.

2.   The Court reserves ruling on Defendants' motion for summary judgment regarding the excessive force and failure to intervene claims against Defendants Spencer, Smith, and Lee.

3.   By January 3, 2017, Plaintiff may file a supplemental response to the summary judgment motion regarding his claims against Defendants Spencer, Smith, and Lee.

4. **The clerk is directed to keep Defendants' motion for summary judgment pending (24).**

ENTER: 12/5/2016

FOR THE COURT: United States District Court for the Central District of Illinois.

                                                **s/Sara Darrow**
                                                SARA DARROW
                                                UNITED STATES DISTRICT JUDGE